United States District Court
Southern District of Texas
**ENTERED**
September 15, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AARON MICHAEL MURRAY | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2290 |
| | § | |
| COMBINED TRANSPORT INC., *et al.* | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Aaron Michael Murray was severely injured in a collision in December 2024. The vehicle was driven by James Delbert Bossingham, an employee of Combined Transport, Inc. Murray alleges that Bossingham sped through a red light, causing the collision. Murray sues Bossingham, Combined Transport, and Texas Farm Bureau Underwriters. Murray alleges that Bossingham drove negligently; that Combined Transport is vicariously liable for Bossingham's negligence; and that the Texas Farm Bureau must cover the damages resulting from Bossingham's underinsurance. Murray seeks a declaratory judgment on Bossingham's insurance status, Bossingham's negligence, and the parties' fault.

Murray sued in Texas state court, (Docket Entry No. 1-1), and Combined Transport timely removed based on diversity jurisdiction, (Docket Entry No. 1). Murray is a Texas citizen, Bossingham is an Idaho citizen, and Combined Transport is an Oregon citizen, but the Texas Farm Bureau is a Texas citizen, (*id.*), making diversity-jurisdiction removal improper, *see* 28 U.S.C. § 1332. Combined Transport removed, claiming that Murray improperly joined the Texas Farm Bureau to the state-court action. (*See generally* Docket Entry No. 1). Murray moved to remand, and Combined Transport responded. (*See generally* Docket Entry Nos. 6, 7, 10).

After reviewing Murray's complaint, the notice of removal, the motion to remand, Combined Transport's response, Murray's reply, and the applicable law, the court denies Murray's motion to remand.  The reasons are set forth below.

## I.     Background

Aaron Michael Murray filed a personal injury action in Walker County, Texas, seeking damages for injuries sustained in a car accident on December 11, 2024.  (Docket Entry No. 1-1 at 11–12).  Murray alleges that James Delbert Bossingham sped through a red light, causing a "major vehicle collision" and significantly injuring Murray.  (*Id.* at 12).  Murray alleges that Bossingham was at that time both an "employee, agent, contractor, and/or independent contractor" of Combined Transport, Inc. and acting either in the course of his employment or at Combined Transport's request.  (*Id.*).

Murray was insured by the Texas Farm Bureau Underwriters.  (*Id.*).  His policy included uninsured and underinsured motorist coverage, which was capped at $50,000 per person and $100,000 per accident.  (*Id.* at 13).  Murray reported the accident to the Texas Farm Bureau.  (*Id.*).  He alleges that Bossingham was underinsured.  (*Id.* at 14).

Murray alleges that the collision caused "all or some" of a long list of damages: past and future pain and suffering; past and future mental anguish; past and future physical impairment; past and future disfigurement; past and future medical expenses; lost wages; and future loss of earning potential.  (*Id.* at 15–16).

Murray filed this suit for declaratory relief in state court under the Texas Declaratory Judgment Act.  (*Id.* at 14–15).  He asked the Texas state court to declare his entitlement to recover under the Texas Farm Bureau policy, including:

1.   Murray's status as a beneficiary under the relevant insurance policy;

2.  Murray has satisfied all conditions precedent under the insurance policy;

3.  Bossingham's status as an underinsured motorist under the relevant sections of the applicable insurance policy;

4.  Bossingham's negligence in causing the collision; and

5.  Murray's damages were proximately caused by the underinsured driver's negligence.

(*Id.* at 15). Murray is a resident of Texas. (Docket Entry No. 1-1 at 10). Combined Transport is a corporation organized under the laws of Oregon, where it established its principal place of business. (Docket Entry No. 1 at 2). Bossingham is a resident of Idaho. (Docket Entry No. 1-1 at 10). And Texas Farm Bureau is a corporation organized under the laws of Texas with its principal place of business there. (Docket Entry No. 1 at 2–3).

Combined Transport removed to federal court, *see* 28 U.S.C. § 1441, and asserts original diversity jurisdiction, *see id.* § 1332(a). Combined Transport believes that Murray improperly joined the Texas Farm Bureau such that the court cannot consider its citizenship in determining whether his action is completely diverse. (Docket Entry No. 1 at 3). If the Texas Farm Bureau's citizenship is properly disregarded, complete diversity, and therefore jurisdiction, exists.

Murray disagrees. He maintains that the Texas Farm Bureau was properly joined and that complete diversity is absent, requiring remand. (Docket Entry No. 6).

## II.    The Applicable Legal Standard

A defendant generally may remove a case from state court to federal district court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). If original jurisdiction is based on diversity under 28 U.S.C. § 1332(a), the removing defendant must allege that the amount in controversy exceeds $75,000 and that no plaintiff is a citizen of the same state as the defendant. "[T]he presence in the action of a single plaintiff from the same State as a single

defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

The "improper joinder doctrine" is an exception to this rule. *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir. 2005). The doctrine follows from the principle that district courts may not exercise jurisdiction over a controversy if a party "has been improperly or collusively joined." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 572 (5th Cir. 2004) (en banc). If the removing defendant proves that the party whose citizenship destroys complete diversity was improperly joined, the federal court must dismiss that party from the lawsuit and exercise jurisdiction over the controversy. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

The removing party bears a "heavy burden" in proving improper joinder. *Smallwood*, 385 F.3d at 576. A removing defendant may show improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (quoting *Smallwood*, 385 F.3d at 573). The court must determine whether there is "*any reasonable basis* for predicting that the plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court." *Id.* at 647 (alterations adopted) (emphasis in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)); *cf. Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1211–12 (11th Cir. 2025) (explaining, in the standing and federal-question contexts, that a failure on the merits becomes a jurisdictional defect only if the plaintiff cannot "meet the 'low bar' of pointing to some arguable or colorable federal or constitutional" claim).

The court usually looks at the complaint's allegations to determine whether the plaintiff states a cognizable claim under state law, using a Rule 12(b)(6)-like analysis. *Smallwood*, 385 F.3d at 573. But in some cases, such as when the plaintiff has misstated or omitted discrete facts that would determine the propriety of a joinder, the court may pierce the pleadings and conduct a summary inquiry, *id.* at 573–74, in which "all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party," *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

## III.   Analysis

Combined Transport argues that Murray improperly joined the Texas Farm Bureau to destroy diversity. (Docket Entry No. 1 at 6). Combined Transport argues that Murray's claim against the Texas Farm Bureau is not yet ripe. (*Id.*). According to Combined Transport, Murray first must obtain a predicate judgment establishing that both Bossingham and Combined Transport are liable and that Bossingham was underinsured. (*Id.* at 5). Until Murray does so, Combined Transport argues, he cannot recover against the Texas Farm Bureau for insurance benefits. (*Id.*). Combined Transport argues that this brightline rule under Texas law makes it improper to join the Texas Farm Bureau. (*Id.* at 6).

Murray disagrees. He argues that he may state a claim against the Texas Farm Bureau, the nondiverse defendant, through the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §§ 37.001–.011. He seeks a declaratory judgment on whether the Texas Farm Bureau is liable for underinsured or uninsured motorist benefits. (Docket Entry No. 6 at 11–12).

Texas law requires insurers to offer uninsured/underinsured motorist coverage for every automobile liability policy they issue. Tex. Ins. Code § 1952.101(b). Uninsured/underinsured

5

motorist coverage "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles damages for bodily injury, . . . or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle." TEX. INS. CODE § 1952.101(a). "[T]he UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex. 2000)); *accord Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 453 (Tex. App.—Texarkana 2016, no pet.) ("[A]s a prerequisite to establishing entitlement to UIM benefits, a plaintiff must first establish (1) that she is legally entitled to recover from an underinsured motorist and (2) that her damages exceed the policy limits of the underinsured motorist's policy."). "Under *Brainard*, courts have held that breach of contract claims against insurers for denying uninsured or underinsured motorist benefits are not ripe until a court judgment establishes the coverage prerequisites of liability and the underinsured status of the alleged tortfeasor." *Stelly v. ATM Trucking, LLC*, No. 21-cv-3302, 2021 WL 5771933, at *2 (S.D. Tex. Dec. 6, 2021) (collecting cases).

In *Allstate Insurance Company v. Irwin*, the Texas Supreme Court distinguished declaratory-judgment suits from breach-of-contract suits. The Court held that "an insured may bring a suit for declaratory relief directly against an insurer to determine whether the requirements for uninsured or underinsured motorist benefits are met" without having "to first establish coverage requirements though a liability action against the alleged tortfeasor." *Id.* (citing 627 S.W.3d 263, 265–66 (Tex. 2021)). Under *Irwin*, a plaintiff may "seek" in the first instance "a declaratory judgment on the . . . liability and insurance status of the alleged tortfeasor." *Id.* at *3.

6

Murray does so here.  His complaint "seeks a declaratory judgment . . . that he is entitled to recovery from" the Texas Farm Bureau "for his damages resulting from the motor vehicle collision of December 11, 2024," and "that those damages fall within the coverage afforded [him] under the . . . insurance policy."  (Docket Entry No. 1-1 at 6).  A straightforward application of *Irwin* means that Murray "may seek declaratory relief against" Texas Farm Bureau "on the coverage requirements for underinsured motorist benefits."  *Stelly*, 2021 WL 5771933, at *3.

The remaining issue is whether Murray may do so *now*.  *See id.* ("[T]he issue is when.").  "As an analogy, if court were an event like a play or a musical, a cause of action would be a ticket to the show."  *Fulton v. Fulton Cnty. Bd. of Comm'rs*, ___ F.4th ___, 2025 WL 2166416, at *4 (11th Cir. 2025).  "No ticket, no entry."  *Id.*  But having a ticket will not give patrons access to the theatre if they show up too early.  The answer to the "when" question turns on the doctrine of ripeness, which "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."  *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).  Texas courts require a justiciable controversy before a party can properly be joined to a declaratory-judgment action.  *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 324 (5th Cir. 2001).  Texas courts will not review a declaratory-judgment action if it "depends on contingent or hypothetical facts, or upon events that have not yet come to pass."  *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 443 (Tex. 1998).

Considering both ripeness and *Irwin* leads to a straightforward test.  "An action for declaratory relief against an insurer to resolve coverage disputes may be ripe if the complaint includes allegations that: (1) the insured is entitled to underinsured motorist benefits; (2) an underinsured motorist is liable for the insured's injuries; (3) the insured claimed policy benefits; and (4) the insurer has refused to pay."  *Stelly*, 2021 WL 5771933, at *4; *see, e.g.*, *In re Reynolds*,

369 S.W.3d 638, 649 (Tex. App.—Tyler 2012, no pet.) (concluding that the plaintiff "provide[d] sufficient facts to establish the requisite injury for ripeness" because he alleged facts meeting all four elements); *In re Perry*, No. 18-cv-00676, 2019 WL 1723509, at *7 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2019, no pet.) ("Perry has pled facts which, if true, would establish Barrientes was liable for the accident, is underinsured, and State Farm refused to pay UIM benefits [so] Perry has alleged a ripe claim against State Farm."). The last two elements are crucial for ripeness. If an insured does not make a demand on the insurer, and if the insurer does not refuse that demand, then there is not yet a dispute for a court to resolve. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) ("A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.").

Murray did not allege all four elements needs to establish ripeness. Murray alleges that he is entitled to underinsured motorist coverage under his policy with the Texas Farm Bureau. (Docket Entry No. 1-1 at 13–14). He alleges that Bossingham caused his injuries and is underinsured. (*Id.* at 12–14). But Murray does not allege that he demanded policy benefits. Nor does Murray allege that the Texas Farm Bureau has refused to pay. Murray alleges only that, after the collision, he "gave notice to" Texas Farm Bureau "as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit." (*Id.* at 14).

Murray argues that this allegation satisfies the requirement that he have demanded payment from the Texas Farm Bureau. In other contexts, Texas law holds that "[a] writing that only informs the other party that facts potentially giving rise to a claim have occurred or that only indicates a contingent, future liability does not constitute notice of a claim." *Jones v. Baker*, No. 01-22-00013-

CV, 2023 WL 5353374, at *9 (Tex. App.—Houston [1st Dist.] Aug. 22, 2023). Merely sending an accident report to an insurer after a car accident, thereby notifying the insurer that the accident occurred and that a party was injured, does not demand that the insurer pay policy benefits or assert a right to be paid those benefits. *See Robinson v. Brice*, 894 S.W.2d 525, 528 (Tex. App.—Austin 1995, writ denied) ("The accident report fails as written notice of a claim not because of insufficient form or detail, but because it is not notice of a demand for compensation or an assertion of a right to be paid.").

Even if Murray's notice of an accident constitutes a demand, Murray has not alleged that the the Texas Farm Bureau has refused to pay. Murray does not allege that the Texas Farm Bureau disputes his "rights and status" under the policy. *Bonham State Bank*, 907 S.W.2d at 467. No facts show that the Texas Farm Bureau has injured Murray or is sufficiently likely to injure him in the future; there is not yet a "justiciable controversy." *Id.* Murray prematurely, and therefore improperly, joined the Texas Farm Bureau to this suit. *See, e.g.*, *In re Arcababa, Inc.*, No. 10-13-00097-CV, 2013 WL 5890109, at *5 (Tex. App.—Waco Oct. 31, 2013, orig. proceeding) (mem. op.) (holding that a plaintiff's claims against an uninsured/underinsured motorist insurer were not ripe because the plaintiff had not alleged a demand for payment or a refusal to pay).

Murray resists this conclusion in two ways. The court finds neither persuasive. First, Murray argues that the Texas Farm Bureau's state-court answer proves that he demanded payment from the Texas Farm Bureau and that it refused to pay. (Docket Entry No. 10 at 8). The Texas Farm Bureau's state-court answer "denies that" Murray "has met and/or fulfilled all proofs of loss precedent to the filing of this suit, as" he has "not demonstrated through medical documentation, wage documentation or otherwise that Plaintiff's damages exceed the alleged tortfeasor's insurance policy." (Docket Entry No. 1-1 at 24; *see* Docket Entry No. 10 at 8). This answer does

not show that whether Murray submitted a claim or whether the Texas Farm Bureau denied that claim before Murray filed this lawsuit.  If Murray never submitted a proper claim, the Texas Farm Bureau could prove that Murray failed to fulfill the necessary proofs of loss under his policy.

Second, Murray argues that this court cannot consider Combined Transport's argument that Murray failed to plead a ripe *Irwin* action against Texas Farm Bureau because Combined Transport raised this point in its response to a motion to remand, not in its notice of removal.  (Docket Entry No. 10 at 4).  Murray asserts that Combined Transport's argument is an impermissible "new ground for removal."  (*Id.* at 5).

Murray is correct that Combined Transport may not introduce an entirely new ground for removal in a response opposing a motion to remand.  *Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D. Tex. 1995); *see* 14 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3637 (4th ed. 2025) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal.").

The question is whether Combined Transport's argument is a "new ground" for removal based on diversity of citizenship.  If Combined Transport relied on a "new theory" for supporting diversity of citizenship—alleging, for example, a failure to serve instead of improper joinder—the court would disregard that theory and limit Combined Transport to what it set out in the notice of removal.  *New Bethlehem Missionary, Baptist Church v. Church Mut. Ins. Co.*, No. 09-cv-3901, 2010 WL 936477 (S.D. Tex. Mar. 11, 2010) (emphasis omitted).  Combined Transport argued in its notice of removal that this court had diversity jurisdiction because Murray had improperly joined the Texas Farm Bureau in the state court action.  (Docket Entry No. 1 at 3).  Combined Transport's argument that Murray did not plead a ripe declaratory-judgment action against the

Texas Farm Bureau "merely elaborated on and argued the merits of" its "grounds for removal." *Grynberg Prod. Corp. v. British Gas, p.l.c.*, 817 F. Supp. 1338, 1355 (E.D. Tex. 1993). Combined Transport "in no way" asserted new grounds for removal. Rather, it continues to rely on diversity jurisdiction based on the improper joinder of a nondiverse defendant. Combined Transport continues to contend that Murray's pleadings do not show a reasonable basis for predicting that he can recover against the Texas Farm Bureau in state court. There is an insufficient basis to disregard or discount the arguments Combined Transport made in its response brief. (*See generally* Docket Entry No. 7).

Combined Transport has carried its "heavy burden" of demonstrating that there is no reasonable possibility of recovery by Murray against the in-state defendant, the Texas Farm Bureau, on his current complaint. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). Because Murray improperly joined the Texas Farm Bureau, its citizenship is properly disregarded in determining jurisdiction, and there is complete diversity of citizenship among the properly joined defendants. The court has jurisdiction over this controversy.

## IV.    Conclusion

The court denies Murray's motion to remand. (Docket Entry No. 6).

SIGNED on September 15, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

11